UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
FILED
AUG 0 5 2005
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 04-289-GWU

BOBBY J. MARTIN, PLAINTIFF,

VS. **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative denial of his application for Supplemental Security Income (SSI). The appeal is currently before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 CFR 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 CFR 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 CFR 404.1520(c), 404.1521, 416.920(c), 461.921.

1

4.   Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 CFR 404.920(d), 416.920(d).

5.   Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 CFR 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.   Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 CFR 404.1520(e), 416.920(e).

7.   Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 CFR 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 CFR Section 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1)

3

whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford

4

or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 CFR 416.965(a) and 20 CFR 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 CFR Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

Martin

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 CFR 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 CFR 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 CFR Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency

may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The plaintiff, Bobby J. Martin, was found by an Administrative Law Judge (ALJ) to have "severe" impairments consisting of degenerative disc disease, depression, and borderline intellectual functioning. (Tr. 16). Nevertheless, based in part on the testimony of a vocational expert (VE), the ALJ determined that Mr. Martin retained the residual functional capacity to perform a significant number of jobs existing in the economy and, therefore, was not entitled to benefits. (Tr. 18-21). The Appeals Council declined to review, and this action followed.

At the administrative hearing, the ALJ had asked the VE whether a person of the plaintiff's age of 40 years, "limited" education with some special education, and history of unskilled and semiskilled work with no transferable skills could perform any jobs if he were capable of "light" level exertion, and also had the following non-exertional restrictions. (Tr. 69). He: (1) could do no stooping, crouching, or crawling, operating vibrating equipment, or being close to or on vibrating equipment; (2) could

7

not operate machinery while taking controlled substances; and (3) would have the restrictions set out by a state agency reviewers who had indicated a "moderately limited" ability to understand, remember, and carry out detailed instructions, maintain attention and concentration for extended periods, interact appropriately with general public, and respond appropriately to changes in the work setting, but would still be able to understand and remember simple instructions, complete routine tasks, tolerate co-workers and supervisors, and adapt to changes in a routine work setting. (Tr. 69, 302-4). The VE responded that there were jobs at the light and sedentary levels that such a person could perform, and proceeded to give the numbers in which they existed in the state and national economies. (Tr. 68, 70-1).

On appeal, this Court must determine whether the hypothetical factors selected by the ALJ are supported by substantial evidence, and that they fairly depict the plaintiff's condition.

Although Mr. Martin originally alleged disability due only to back injuries which prevented him from lifting and bending (Tr. 107), his primary argument on appeal is that he meets the Commissioner's Listing of Impairment (LOI) §12.05C.[1]

---

[1] LOI §12.05C provides for a finding of disability for persons who can demonstrate "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence supports onset of the impairment before age 22." 20 C.F.R. Pt. 404, Subpt. P, App. 1 (2004). A "valid verbal, performance, or full-scale IQ of 70 or below along with a physical or other mental impairment imposing an additional and significant work-related limitation of function" must be shown.

8

Martin

Three consultative psychological examinations are contained in the transcript.

Both Mr. James Leisenring, who evaluated the plaintiff in November, 2001, and Dr. Gary Maryman, who conducted his evaluation in November, 2003, obtained IQ scores below 70, but both psychologists opined that Mr. Martin was not giving his best effort on examination, and that the scores were not valid. (Tr. 334-6, 341-3). Mr. Leisenring speculated that the plaintiff probably possessed overall borderline to low average intelligence (Tr. 337), and Dr. Maryman opined that, while Mr. Martin's functioning might be slightly below average, not much more could be determined in view of his malingering and the fact that school records gave no information about his academic functioning and achievement other than that he repeated the first grade two times (Tr. 132-3, 343-4). Therefore, Mr. Martin relies completely upon the report of another one-time psychological examiner, Reba Moore, who obtained a full-scale IQ score of 57, which she felt to be an accurate estimate of his "current" level of functioning. (Tr. 363).

The ALJ rejected the Moore scores because they were inconsistent with the other evidence. (Tr. 18). As a one-time examiner, Moore was not entitled to greater weight than the other examiners and, in addition, as the Commissioner points out in her brief, the Moore report says nothing about the plaintiff's level of functioning prior

to age 22, a required element for meeting LOI §12.05C. Therefore, the plaintiff's argument that he meets the Listing is without merit.

The ALJ's choice of hypothetical mental restrictions is otherwise supported by substantial evidence, in view of the fact that it was taken from the report of a state agency psychologist who had the opportunity to review Mr. Leisenring's report (Tr. 302-4), and that Dr. Maryman, in his subsequent examination, listed restrictions that were, if anything, less restrictive (Tr. 346-7).

Regarding the plaintiff's physical problem, a back injury which occurred after a fall at work in January, 2002 (e.g., Tr. 162), the plaintiff makes only a brief argument that the ALJ did not give sufficient weight to the opinion of his treating neurosurgeon, Dr. John Gilbert, who performed a spinal fusion in October, 2002. (Tr. 209). However, the ALJ's physical restrictions were taken directly from Dr. Gilbert's office note of May 27, 2003, which states that the plaintiff should do no lifting over 20 pounds, no stooping, crouching, crawling, or operation of vibrating equipment or operation of machinery while on controlled substances. (Tr. 265). The plaintiff was then on Lortab and Valium. (Id.). After Mr. Martin complained that he had attempted to return to work and had been unable to continue because of pain, Dr. Gilbert indicated on June 17, 2002 that he would write a note allowing Mr. Martin to do sedentary duties for two hours a day for two weeks, four hours a day for two weeks, and then attempt an eight-hour per day workload. (Tr. 263). This does not

10

suggest that the physician felt his patient was permanently incapacitated. Subsequently, in November, 2003, Dr. Gilbert was referring to Mr. Martin entering vocational rehabilitation "so he can get his GED and some sedentary light duty employment." (Tr. 353). Dr. Gilbert was still attempting to get his patient into vocational rehabilitation at the time of the last recorded office visit in February, 2004. (Tr. 368). Thus, it does not appear that the treating physician considered his patient to be totally physically disabled, but rather that he needed job training.

In any case, regardless of whether Dr. Gilbert intended Mr. Martin to be limited to "light" or "sedentary" exertion, the ALJ asked an alternative hypothetical question restricting Mr. Martin to sedentary level exertion only, along with the previously mentioned non-exertional factors, and the VE testified that there were sedentary level jobs that the plaintiff could perform. Therefore, the plaintiff's argument regarding the physical factors are also without merit.

The decision will be affirmed.

This the ___5___ day of August, 2005.

G. WIX UNTHANK
SENIOR JUDGE